Filed 5/10/22  Ahern v. Property Management Associates, Inc. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SEVEN

| | |
|---|---|
| THOMAS AHERN, | B309773 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC578510) |
| v. | |
| PROPERTY MANAGEMENT ASSOCIATES, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel J. Buckley, Judge.  Reversed and remanded with directions.

Catanzarite Law Corporation, Kenneth J. Catanzarite, Nicole M. Catanzarite-Woodward and Eric V. Anderton for Plaintiffs and Appellants.

Gordon Rees Scully Mansukhani, Gary J. Lorch and Elizabeth B. Vanalek for Defendants and Respondents Property Management Associates, Inc., Thomas Spear and Joshua Fein.

_____

The superior court granted the petition filed by Property Management Associates, Inc. (PMA), Thomas Spear and Joshua Fein (collectively PMA parties) to confirm an arbitration award dismissing the investment fraud claims of Thomas Ahern, individually and as surviving spouse and successor in interest to Priscilla Ahern, as barred by governing statutes of limitations; denied Ahern's petition to vacate or correct the award; and entered judgment in favor of the PMA parties on October 16, 2020. The arbitration was conducted pursuant to the arbitration provision in a cotenancy agreement between BH & Sons, LLC, on the one hand, and tenant in common investors who had purchased interests in improved real property in San Diego (the Aerovault property), on the other hand.

On appeal Ahern argues, among other contentions, arbitration should not have been compelled because his fraud and related claims based on acquisition of a tenant in common interest in the Aerovault property were outside the scope of the cotenancy agreement's arbitration provisions.

We addressed this precise issue in *Ahern v. Asset Management Consultants, Inc.* (2022) 74 Cal.App.5th 675 (*Ahern 2022*), in which Ahern's investment fraud claims against BH & Sons and related individuals and entities arising from the purchase of a tenant in common interest in improved real property in Anaheim (the Amlap property) had been ordered to arbitration based on the arbitration provision in the cotenancy agreement for the Amlap property. The cotenancy agreements

2

between BH & Sons and the tenant in common investors in the Amlap and Aerovault projects are substantially similar, and the arbitration provisions in the two agreements are identical.[1]

We reversed the judgment confirming the arbitration award in *Ahern 2022*, agreeing with the Ahern the trial court had erred in compelling arbitration of the claims. (*Ahern 2022*, *supra*, 74 Cal.App.5th at p. 679.) We first explained the tenant in common purchase and sale agreement by which the investors acquired their interests in the Amlap property, allegedly due to fraudulent representations in promotional materials developed and distributed by Asset Management Consultants, Inc., and its affiliate BH & Sons, contained no arbitration provision. The cotenancy agreement, which concerned the operation and management of the Amlap property and the respective rights of the tenants in common in those decisions once the investment interests had been acquired, did require arbitration, but its language was particularly narrow. It specifically provided for arbitration only of disputes arising in connection with the interpretation and enforcement of provisions of the cotenancy agreement, omitting any general reference to disputes "related to" the agreement.

We then considered various arguments advanced in support of the order compelling arbitration, concluding none had merit: "[T]he Ahern parties' lawsuit does not involve the

---

[1]     Paragraph 9.8 of the cotenancy agreements for both projects provided, "Unless the relief sought requires the exercise of the equity powers of a court of competent jurisdiction, any dispute arising in connection with the interpretation or enforcement of the provisions of this Agreement, or the application or validity thereof, shall be submitted to arbitration."

3

interpretation or enforcement of a provision of the cotenancy agreement; their claims are not 'rooted in' the cotenancy agreement; and applying Civil Code section 1642's interpretative tool does not justify requiring arbitration of a dispute that relates to the acquisition of the Amlap investment, not to its management and operation." (*Ahern 2022*, *supra*, 74 Cal.App.5th at p. 696.)

Because the arguments of Ahern and the PMA parties concerning the scope of the arbitration provision in the cotenancy agreement for the Aerovault property claims are essentially the same as the arguments we addressed in *Ahern 2022*, after we filed our opinion in *Ahern 2022*, we directed the parties to meet and confer to determine whether they agreed *Ahern 2022* controlled and to file a joint status report identifying what, if any, issues remained for oral argument in the case. In response, in a report filed April 8, 2022, counsel for the PMA parties stated, although they disagreed with the decision in *Ahern 2022*, they recognized this court would necessarily reach the same decision as to whether the claims asserted against the PMA parties were outside the scope of the arbitration provision and hold the matter should not have been referred to arbitration. They also agreed, "in light of this foundational ruling, all other issues raised by the Aherns' appeal in this matter need not be considered."

Accordingly, for the reasons discussed in *Ahern 2022*, the judgment is reversed.

## DISPOSITION

The judgment confirming the arbitration award is reversed. The matter is remanded with directions to deny the petition to confirm the arbitration award, to grant the petition to vacate the

4

award and to vacate the December 5, 2015 order compelling arbitration. Ahern is to recover his costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.